1

2

3

4

5

6

7

8                 IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CORY NAROG

11          Plaintiff,                    No. CIV S-10-3265 JAM KJN (TEMP) PS

12      vs.

13   NEW YORK COMMUNITY BANK,

14          Defendants.                   <u>ORDER</u>

15   _____/

16          This action was removed from state court on December 7, 2010, and was referred

17   to the undersigned after plaintiff's counsel was permitted to withdraw from representation.  Dkt.

18   nos. 1, 37.  The motion to withdraw was granted May 25, 2011.  Dkt. no. 36.  Prior to the

19   cessation of plaintiff's representation by counsel, plaintiff filed a second amended complaint, in

20   pro per.  Dkt. no. 34.  Because plaintiff was represented by counsel at that point, the second

21   amended complaint should not have been filed.  However, by order filed March 29, 2011, the

22   district judge allowed the filing of a second amended complaint, and accordingly, the second

23   amended complaint will not be stricken in light of the pendency of the motion to withdraw.  Dkt.

24   no. 32.

25          On May 26, 2011, defendant Federal Home Loan Mortgage Corporation filed a

26   motion to dismiss, noticed for hearing on June 30, 2011 and defendant MTC Financial filed a

motion to dismiss, noticed for hearing on August 4, 2011.  Dkt. nos. 38, 41.  On June 13, 2011, plaintiff filed a third amended complaint.[1]  Under Federal Rule of Civil Procedure 15(a)(1)(B), plaintiff's third amended complaint is timely and moots the pending motions to dismiss. However, plaintiff's third amended complaint references the second amended complaint and appears to contain argumentative passages addressed to the motions to dismiss.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Because plaintiff's third amended complaint is not complete, the complaint will be dismissed with leave to amend.

In the amended complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendant's motions to dismiss (dkt. nos. 38, 41) are denied as moot.  The hearing dates of June 30, 2010, and August 4, 2010, are vacated.

2.  The third amended complaint is dismissed with leave to amend.  Plaintiff is granted thirty days from the date of service of this order to file a fourth amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the fourth amended complaint must bear the docket number assigned this case and must be labeled "Fourth Amended Complaint;" plaintiff must file an original and two copies of the

---

[1]  The third amended complaint was filed twice.  Dkt. nos. 42, 43.

1  fourth amended complaint; failure to file a fourth amended complaint in accordance with this

2  order will result in a recommendation that this action be dismissed.

3  DATED:  June 17, 2011

4

5  _____

6  KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

7  narog.cuo

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26