IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CORY NAROG

    Plaintiff,                    No. CIV S-10-3265 JAM CKD PS

    vs.

NEW YORK COMMUNITY
BANK, et al.,

    Defendants.                FINDINGS AND RECOMMENDATIONS

           Defendants' motions to dismiss came on regularly for hearing September 21, 2011. Plaintiff appeared in propria persona. Charles Nunley appeared for defendant Federal Home Loan Mortgage Corporation and New York Community Bank and appeared specially for defendant MTC Financial, Inc. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

           Plaintiff commenced this action in state court to set aside a nonjudicial foreclosure sale of real property. The action was removed to this court on December 7, 2010. Plaintiff contends he was not provided with the requisite statutory notice of the foreclosure proceedings, allegedly rendering the foreclosure sale invalid. Before the court are motions to

1  dismiss brought by defendants Federal Home Loan Mortgage Corporation and New York
2  Community Bank ("FHLMC") and defendant MTC Financial Inc. dba Trustee Corps's ("MTC").
3  Defendants also request expungement of notices of lis pendens recorded by plaintiff on the
4  subject property.

5  In order to avoid dismissal for failure to state a claim a complaint must contain
6  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
7  of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other
8  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
9  statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
10 claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.
11 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
12 draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129
13 S. Ct. at 1949.

14 Defendants have requested judicial notice of documents related to the matters at
15 issue (dkt. nos. 47-2, 49).  Defendants' requests for judicial notice will be granted pursuant to
16 Federal Rule of Evidence 201.[1]  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir.
17 2001) (on a motion to dismiss, court may consider matters of public record); MGIC Indem. Corp.
18 v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court may take
19 judicial notice of matters of public record outside the pleadings).
20 \\\\

21

22 [1] Exhibits 1-7 to FHLMC RJN are public records of which the court may take judicial notice pursuant to Fed. R. Evid. 201(b).  The court also takes judicial notice of Exhibits 8, 11,
23 and 12 to FHLMC's RJN, because these "Declarations of Mailing" and U.S. Postal Service "Track and Confirm" search results are referred to in plaintiff's complaint, are central to
24 plaintiff's claims, and their authenticity is not questioned. See Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).  Moreover, plaintiff also attached these documents to the FAC. (See FAC ¶
25 28, Ex. A, at pp. 1-7.)  MTC also filed a Request for Judicial Notice in support of its motion ("MTC RJN").  Exhibits 1-8 to MTC RJN are all public records of which the court may take
26 judicial notice pursuant to Fed. R. Evid. 201(b).

1         On November 10, 2008, plaintiff executed a promissory note for $417,000.00, secured by a deed of trust encumbering the real property located at 1905 Caversham Way, Folsom, California 95630.  On June 3, 2010, a Notice of Default and Election to Sell Under Deed of Trust was executed by MTC (a substituted trustee) as agent for the beneficiary under the deed of trust.  On September 8, 2010, a Notice of Trustee's Sale was executed by MTC and recorded that same day.  The trustee's sale was conducted on September 30, 2010.  Plaintiff alleges that he never received the Notice of Default and Notice of Sale prior to the trustee's sale.

          Plaintiff contends the foreclosure sale was invalid because he was not provided with the statutory notices required under California Civil Code section 2924 et seq.  Plaintiff seeks invalidation of the foreclosure sale, quiet title, and cancellation of the trustee deed. Plaintiff's claims predicated on procedural irregularities in the nonjudicial foreclosure cannot lie in that plaintiff fails to allege tender of the full amount owed on the loan.  See Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1183-84 (N.D. Cal. 2009) ("Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a valid and viable tender [offer] of payment of the indebtedness"); see also Alcaraz v. Wachovia Mortgage FSB, 592 F. Supp. 2d 1296, 1304 (E.D. Cal. 2009) ("'A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.'") (citing Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112 (1971)). Similarly, any claim to quiet title cannot lie in the absence of tender.  See Shimpones v. Stickney, 219 Cal. 637, 649 (1934) (mortgagor cannot quiet his title against the mortgagee without paying the debt secured); see also Aguilar v. Bocci, 39 Cal. App. 3d 475, 477 (1974); Kelley v. Mortgage Electronic Registration, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that they have satisfied their obligation under the Deed of Trust.  As such, they have not stated a claim to quiet title.").

          Plaintiff here was afforded an opportunity to tender the full amount of indebtedness.  See Order filed September 22, 2011 (dkt. no. 62).  Plaintiff failed to do so and has

3

offered no competent evidence that he is in a position to do so.  Under these circumstances, plaintiff's claims related to irregularities in the foreclosure process should be dismissed with prejudice.[2]

Plaintiff also alleges a claim against defendant MTC, contending that MTC, as trustee, negligently failed to provide the required statutory notices and failed to rescind the sale after it knew or should have known of the deficiencies.  California Civil Code section 2924(d) provides that: "[t]he mailing, publication, and delivery of notices as required by this section" and the [p]erformance of the procedures set forth in this article" are considered "privileged communications pursuant to [Cal. Civ. Code § 47]."  The broad privilege conferred by California Civil Code section 47 bars liability for "all torts except malicious prosecution," and is "absolute in nature."  Silberg v. Anderson, 50 Cal. 3d 205, 212, 215 (1990).  Plaintiff's claims of negligence against MTC are therefore barred by the privilege applied to foreclosure trustees in performance of foreclosure procedures under the statute.  Cisneros v. Instant Capital Funding Group, Inc., 263 F.R.D. 595, 609-10 (E.D. Cal. 2009); Jacobson v. Balboa Arms Drive Trust No. 5402 HSBC Financial Trustee, 2011 WL 2784126, at *9 (S.D. Cal. Apr. 4, 2011).  Plaintiff's cause of action for negligence should be dismissed with prejudice.

Defendants request expungement of the notices of lis pendens previously recorded by plaintiff pertaining to the subject property.  "At any time after notice of pendency of action has been recorded, any party ... may apply to the court in which the action is pending to expunge the notice."  Cal. Code Civ. Proc. § 405.30.  The court "shall order the notice expunged if the

---

[2] Plaintiff also alleges claims for an accounting, priority of claims, and imposition of a constructive trust.  Because all these claims depend on the viability of plaintiff's contention that the trustee's sale should be set aside, these claims fail as well.  See Janis v. California State Lottery Comm'n, 68 Cal. App. 4th 824, 834 (1998) (right to accounting is derivative and must be based on other claims); Cal. Code Civ. Proc. §§ 405.2, 405.24 (lis pendens gives notice of the pendency of an action in which a real property claim is alleged; statutory lis pendens provisions do not establish priority of claim); Glue-Fold, Inc. v. Slautterback Corp., 82 Cal. App. 4th 1018, 1023 n.3 (2000) (constructive trust not an independent cause of action but merely type of remedy for some categories of underlying wrong).

court finds that the pleading on which the notice is based does not contain a real property claim." Id. § 405.31. Additionally, the court "shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Id. § 405.32. Because defendants' motions to dismiss should be granted, and amendment would be futile, plaintiff cannot establish the probable validity of his real property claim. Expungement of the lis pendens is therefore appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (dkt. nos. 47, 48) be granted;

2. The notices of lis pendens previously recorded by plaintiff pertaining to the subject property be expunged; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 30, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
narog.57.ckd